FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KURT J. ANGELONE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AARON BROWN,<br><br>　　　　　　　Defendant. | NO. 2:25-CV-0373-TOR<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT are Defendant's Motion to Dismiss (ECF No. 3), Plaintiff's Motion for Leave to Amend Complaint (ECF No. 8), and Plaintiff's Motion for Automatic Stay of Proceedings Pending Ruling Set for November 21, 2025 (ECF No. 9). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 3) is GRANTED in part, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 8) is DENIED, and Plaintiff's Motion for Automatic Stay of Proceedings Pending Ruling (ECF No. 9) is DENIED.

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 1

# BACKGROUND

This case arises from claims of Eighth Amendment violations for cruel and unusual punishment of excessive force, denial of medical assistance, and a state claim for negligence. ECF No. 1-2 at 14-18. Plaintiff alleges these claims stem from the use of a chlorobenzylidene malononitrile ("CS") grenade in an unauthorized training exercise that exposed Plaintiff to harmful conditions and lasting effects. ECF No. 1-2 at 3-4, 7. Plaintiff claims that Defendant conducted this unauthorized training, and the gas used went into the HVAC system that connects to the prisoners' cells. ECF No. 1-2 at 7. Plaintiff alleges that he was woken unable to breath of because of the exposure and toxicity of the CS gas. ECF No. 1-2 at 9. His eyes and lungs were burning, and he was coughing, and choking which exacerbated his chronic obstructive pulmonary disease. ECF No. 1-2 at 9. Plaintiff furthers that the air flow was turned off which only made it worse because fresh air wasn't in his cell. ECF No. 1-2 at 10. This alleged gas led to Plaintiff need to use an asthma inhaler. ECF No. 1-2 at 10. He states that he requested a medical emergency to Defendant because he felt pain in his chest that was similar to his first heart attack. ECF No. 1-2 at 12. However, he was denied. *Id.* Furthermore, it is alleged that other inmates declared medical emergencies but were also denied by Defendant. *Id.* Plaintiff contends Defendant claimed it was an electrical fire even though he knew it was CS gas from his training. ECF No. 1-

2 at 13.  Plaintiff states Defendant "admitted to his negligence and took full responsibility" and "admitted to all information."  ECF No. 1-2 at 13.

Previously, Plaintiff filed this case with another Plaintiff in *Headrick v. Brown*, 2:23-cv-00366-TOR but the Court severed the cases.  After the case was severed, Plaintiff's case was dismissed without prejudice for failure to state claim on his federal claims.  *Angelone v. Brown et al*, 2:24-cv-00096-TOR.  Accordingly, the Court refused to invoke supplemental jurisdiction and dismissed all claims, allowing Plaintiff to file in the appropriate state court.  *Angelone v. Brown et al*, 2:24-cv-00096-TOR.  On July 21, 2025, Plaintiff filed his complaint at the Spokane County Superior Court.  ECF No. 1-2 at 2.

On September 19, 2025, Defendants removed this case to federal court under federal question jurisdiction because Plaintiff, proceeding *pro se*, seems to allege violations of the Eighth Amendment of the U.S. Constitution for excessive force and denial of emergency medical attention and care.  ECF No. 1-2 at 14-18.

On September 26, 2025, Defendants filed a Motion to Dismiss claiming failure to state a claim among other issues.  ECF No. 3.  Defendant states in his reply that dismissal is warranted under *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986) for failure to prosecute but recognizes it is a harsh outcome.  ECF No. 11 at 3.  On October 22, 2025, Plaintiff filed a Motion to Amend Complaint to eliminate the federal claims.  ECF No. 8.  On November 5, 2025, Plaintiff filed a

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 3

1  Motion for Automatic Stay of Proceedings pending the ruling of his Motion for
2  Leave to Amend Complaint.  ECF No. 9.
3                                    **DISCUSSION**
4  **A. Motion to Amend Complaint**
5       Under 28 U.S.C. § 1331, a federal court has original jurisdiction.  In a
6  federal court, original jurisdiction is present for "all civil actions arising under the
7  Constitution, laws, or treaties of the United States." *Negrete v. City of Oakland*, 46
8  F.4th 811, 816 (9th Cir. 2022) (quoting 28 U.S.C. § 1331).  This is met if the
9  claims asserted arise under federal law.  *Negrete*, 46 F.4th 811 at 816.
10      "[T]he plaintiff is 'the master of the complaint.'" *Holmes Grp., Inc. v.
11 Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar
12 Inc. v. Williams*, 482 U.S. 386, 398-399 (1987)).  A party may amend his pleading
13 once as long as it is either "(A) 21 days after serving it, or (B) if the pleading is one
14 to which a responsive pleading is required, 21 days after service of a responsive
15 pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
16 whichever is earlier." FED. R. CIV. P. § 15(a)(1).  Otherwise, the party will either
17 need the opposing party's permission or leave of the court.  FED. R. CIV. P. §
18 15(a)(2).  The Court may grant leave to amend a complaint when justice so
19 requires it. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012).
20      *Pro se* pleadings are liberally construed to "afford the petitioner the benefit

1  of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting

2  *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)).  This is especially important

3  for cases arising out of civil rights violations.  *Ferdik v. Bonzelet*, 963 F.2d 1258,

4  1261 (9th Cir. 1992), *as amended* (May 22, 1992) (citation omitted).

5  　　　Here, Plaintiff wishes to amend his complaint to remove the federal claims.

6  ECF No. 8.  Plaintiff filed a proposed amended complaint that removed any

7  reference to the U.S. Constitution.  ECF No. 8.  It appears Plaintiff aims to

8  preserve the same cause of action, but to support them instead under the

9  Washington Constitution.  *Id.*

10  　　　Plaintiff has not properly served Defendants and therefore, Federal Rule of

11  Civil Procedure Rule 15(a) is not applicable.  As was stated, this Court dismissed

12  Plaintiff's federal claims under the same claims and similar facts.  *Angelone v.*

13  *Brown et al*, 2:24-cv-00096-TOR.  Plaintiff recognizes this, too.  ECF No. 12 at 4.

14  In the Court's Order for Dismissal, the Court permitted Plaintiff to file his state

15  claims appropriately in the state court.  *Angelone v. Brown et al*, 2:24-cv-00096-

16  TOR.  However, Plaintiff filed a complaint containing substantially identical

17  claims (with a few omitted) and largely the same facts as the complaint previously

18  filed in this Court.  ECF No. 1-2.  Moreover, Plaintiff continues to assert federal

19  claims, as evidenced by his references to the U.S. Constitution in the Complaint.

20  ECF No. 1-2 at 16, 18.  For these reasons, the Court does not find it is in the

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 5

interest of justice to grant Plaintiff's Motion to Amend his Complaint. As such, Plaintiff alleges federal claims, therefore, this Court has jurisdiction and Plaintiff's opposition to Defendant's Removal is moot.

**B. Motion to Stay Litigation**

A stay pauses litigation, but it is generally not considered an injunction. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021). The Court has the discretion to grant a stay depending on the circumstances. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020). It is the proponent of the motion to stay who bears the burden of demonstrating that a stay is warranted. *Wolf*, 952 F.3d at 1006. Typically, a stay is granted while an appeal is pending or in circumstances of similar nature. *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020) (motion to stay was filed pending appeal). If a motion to stay pending appeal is filed, the plaintiff must establish four factors. These include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 985–86 (9th Cir. 2025) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Under Federal Rule of Civil Procedure Rule 6(b)(1), an act should be completed within the specified time, however, "the court may, for good cause,

1  extend the time[]" with a request to the court before the time expires for the act, or
2  on motion after the time expired if the party shows excusable neglect. FED. R. CIV.
3  P. 6(b)(1). This rule is liberally construed. *Ahanchian v. Xenon Pictures, Inc.*, 624
4  F.3d 1253, 1258–59 (9th Cir. 2010)

5  Plaintiff asks the Court for a continuance to reply to Defendant's Motion to
6  Dismiss or to stay the proceedings until Plaintiff's other motions and opposition to
7  the Notice of Removal is resolved. ECF No. 9 at 2.

8  The Court does not find good reason to stay litigation because Plaintiff has
9  not established his burden that good cause exists. There is not a pending appeal or
10 any other reason to grant a stay. While the Court has recognized continuances may
11 be appropriate when a party seeks additional time for the adjudication of a
12 dispositive motion, Plaintiff has not shown good cause for either a stay or an
13 extension of time to file a reply. ECF No. 9. Additionally, the other party has the
14 right to adjudication of their own motions, too. Even more, if the Court were to
15 consider the four factors considered for a stay pending an appeal, the Plaintiff has
16 not established any facts to support any of the four factors. For these reasons, the
17 Court does not find good reason to stay litigation.

18 **C. Motion to Dismiss**

19 *I. Insufficient Service*

20 "When a case is removed from state court to federal court, the question

whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citations omitted). Before removal, this case was filed in the Spokane County Superior Court. ECF No. 1-2. Consequently, the applicable service of process requirements is governed by Washington statutes. RCW 4.28.080 specifies the permissible methods of serving a summons and process in Washington State. RCW 4.28.080.

Additionally, when a case is originally filed in state court, but process was either defective or not perfected by the time of removal to a federal court, process may be issued pursuant to the rules of that district court. 28 U.S.C. § 1448. The time for serving process commences on the date of removal. See *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1024–25 (9th Cir. 2017).

Federal Rule of Civil Procedure Rule 4 provides the requirements to serve proper service. FED. R. CIV. P. 4. Under Rule 4(e)(1), service is proper for an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Additionally, service is proper if the appropriate documents are delivered personally, a copy is left with someone of suitable age at each of the individual's residence or dwelling, or by delivering a copy to an authorized agent. FED. R. CIV. P. 4(e)(2).

When there has been insufficient service, "the district court has discretion to

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 8

1  dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470
2  F.3d 1288, 1293 (9th Cir. 2006).  Under Rule 4(m), "a defendant is not served
3  within 90 days after the complaint is filed, the court--on motion or on its own after
4  notice to the plaintiff--must dismiss the action without prejudice against that
5  defendant or order that service be made within a specified time." FED. R. CIV. P. 4
6  When service is insufficient, "the district court has discretion to dismiss an action
7  or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th
8  Cir. 2006).

9       Defendant states Plaintiff failed to serve Defendant pursuant to Washington
10 Law.  ECF No. 3 at 8-9.  Therefore, service was improper. *Id*.  On September 2,
11 2025, the Superior Cout filed Plaintiff's Motion to waive requirements of Service
12 of Summons and Complaint.  ECF No. 1-9.  On September 4, 2025, the Spokane
13 County Superior Court received Plaintiff's Motion to Authorize Service by Mail.
14 ECF No. 1-10 at 2-5.  However, on September 10, 2025, the Spokane County
15 Superior Court denied Plaintiff's motion to authorize service by mail because
16 Plaintiff did not meet the requisite requirements.  ECF No. 1-10 at 1.  Plaintiff does
17 not provide any certification of service or facts supporting process and service was
18 completed correctly.  For these reasons, service of process is insufficient.
19 However, because this case was removed on September 19, 2025, Plaintiff still has
20 time to correctly serve process in accordance with the Federal Rules of Civil

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 9

Procedure.

*II. Failure to State a Claim*

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. This also requires facts to support legal conclusions beyond simply stating conclusory legal statements. *Iqbal,* 556 U.S. at 663; *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (stating that for a motion to dismiss, courts are not obligated to accept alleged legal conclusions as true factual allegations); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (stating legal conclusions must be supported by factual allegations). However, a court must construe facts in the light most favorable to the opposing party of the motion and a court must take the allegations of the non-moving party as true. *Twombly*, 550 U.S. at 556. In addition, a plaintiff must "nudge[] their claims across the line from conceivable to plausible" otherwise plaintiff's complaint shall be dismissed. *Twombly*, 550 U.S. at 570. In other words, the "plausibility standard requires more than 'a sheer possibility that a defendant has acted unlawfully' but 'is not akin to a probability standard.'" *Kwan*

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 10

*v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & Cnty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

### a. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), for a prisoner to bring a federal claim in federal court, the prisoner must first exhaust administrative remedies. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); 42 U.S.C. § 1997e(a) (2008). This is met when the prisoner follows every step the prison provides that allows "the prison to reach the merits of the issue." *Griffin*, 557 F.3d at 1119.

Plaintiff must allege that he followed the prison process for reporting grievances. However, Plaintiff does not allege facts administrative remedies were exhausted. Plaintiff states there was an internal investigation, but it is unclear if this on behalf of Plaintiff's attempt to pursue administrative remedies. ECF No. 1-2 at 13. For these reasons, Plaintiff is missing an essential part to bring his claims to federal court.

### b. Excessive Force

A violation of the Eighth Amendment for cruel and unusual punishment of a convicted person requires the plaintiff to show two elements. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). First, the basis of an Eighth Amendment violation requires objective proof that the deprivation was "sufficiently serious."

1  *Lewis*, 217 F.3d at 731 (citing *Wilson v. Seiter*, 501 U.S. 293, 298 (1991)).

2  Second, there must be subjective proof to support that the prison official acted with

3  a "sufficiently culpable state of mine." *Lewis*, 217 F.3d at 731 (citing *Seiter*, 501

4  U.S. at 298). A claim for excessive force requires the plaintiff to prove that the

5  excessive force "was applied 'maliciously and sadistically to cause harm.'" *Wood*

6  *v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir. 2012) (quoting *Whitley v. Albers,* 475

7  U.S. 312, 320 (1986)).

8      Here, Plaintiff does not allege facts that Defendant acted with malicious or

9  sadistic intent to cause harm to Plaintiff. Plaintiff states there was an unauthorized

10 training outside the unit where Plaintiff was present, however, unauthorized

11 training is not proof of malicious or sadistic intent. ECF No. 1-2 at 7. An

12 unauthorized training conducted near an HVAC system connected to a prisoner

13 unit does not rise to the level of malicious or sadistic intent. ECF No. 1-2 at 7.

14 Nor does Plaintiff's assumption that Defendant knew any alleged gas

15 contamination was his fault. ECF No. 1-2 at 13-15. Instead, Plaintiff describes an

16 unfortunate result of an unauthorized training session. Even if Defendant

17 intentionally conducted the unauthorized training, that does not equate to acting

18 with the purpose of harming Plaintiff. Regardless, the facts do not support

19 Plaintiff's legal assumption of purposeful intent. ECF No. 1-2 at 8.

20

Moreover, Plaintiff characterizes Defendant's conduct as negligence and gross negligence, but those are legal conclusions that the Court is not required to accept as true. And even if they were true, they would still fall short of establishing the required intent for this claim. Furthermore, legal conclusions and unsupported assertions, without facts to meet the standard of plausibility, are not enough to survive a motion to dismiss. For these reasons, the Court does not find a claim upon which relief may be granted because Plaintiff fails to allege facts of essential elements of his claims.

### C. Deliberate Indifference to Inmate's Health or Safety

The Eighth amendment places specific duties on prison officials. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must ensure "humane conditions of confinement" and that "inmates receive adequate food, clothing, shelter, and medical care" and must "take reasonable measures to guarantee the safety of the inmates[.]" *Farmer*, 511 U.S. 825 at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)) (citations omitted). As stated, for cases alleging issues with prison conditions, the state of mind required is "'deliberate indifference' to inmate['s] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). Negligence is not sufficient. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citing

*Frost v. Agnos,* 152 F.3d 1124 1128 (9th Cir. 1998)). Specifically, the U.S. Supreme Court held,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Moreover, an official's conduct must rise to the level of wanton which does not rely "upon its effect on the prisoner, but rather, upon the constraints facing the official." *Clement*, 298 F.3d at 904–05 (quoting *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998)). This may be proven when officials "intentionally deny[] or delay[] access to medical care." *Clement*, 298 F.3d at 905 (quoting *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976)).

Plaintiff states he requested medical care but was denied. ECF No. 1-2 at 16. Plaintiff alleges specifics including coughing, choking and the pain of the CS gas. ECF No. 1-2 at 9. Plaintiff continues that this was exacerbated when they shut off the airflow to his cell. ECF No. 1-2 at 10. Furthermore, Plaintiff was "not being helped in any way shape or form until approximately 5 hours later." ECF No. 1-2 at 10.

Plaintiff does not allege facts indicating that Defendant was aware of any excessive risk or that Defendant could have inferred such risk. This suggests that

Defendant knew the training created an excessive risk and that he made the connection between his actions and that alleged risk. Then, Defendant acted deliberately indifferent. However, conducting an "unauthorized training" does not support a finding of deliberate indifference. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (stating that failure to adhere to prison rules does not constitute a constitutional violation). As the court stated previously, it possibly could support a claim for negligence but that is a lower standard than deliberate indifference. Furthermore, Plaintiff alleges Defendant admitted to his actions that constituted negligence, gross negligence, excessive force, and misuse of force but simple legal conclusions do not substantiate a claim for deliberate indifference. ECF No. 1-2 at 15. Similarly, Plaintiff does not allege facts for the Court to infer Plaintiff knew of such an excessive risk such as evidence of Defendant coughing, gagging, and stepping out for air. See *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (stating facts alleging that the prison officers were coughing, gagging, and repeatedly stepping outside for air supported an inference that they were aware of the risk posed by the pepper spray).

    Plaintiff alleges he knew exactly what it was, but this is not supported by the facts. No. 1-2 at 13. For example, Plaintiff claims Defendant told him he thought it was an "electrical fire." ECF No. 1-2 at 13. Plaintiff alleges he knew the risk and the connection, but releasing a CS grenade outside near an HVAC unit that

leads to Plaintiff's cell does not mean Defendant made the connection that he was the cause of any medical needs or emergencies. Even if Plaintiff should have known, that is not enough to allege deliberate indifference. Therefore, Plaintiff does not allege facts to state a claim under the Eighth Amendment.

Furthermore, Plaintiff confirms the gas was coming into the cell from the air unit when describing his inquiry about the gas and the source to Defendant. No. 1-2 at 13. If the gas was coming from the HVAC unit, shutting off the airflow this was likely a remedial measure to prevent additional gas into the cells. ECF No. 1-2 at 10. Moreover, "officials who actually knew of a substantial risk to inmate health or safety" and "responded reasonably to the risk, even if the harm ultimately was not averted" cannot be liable. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

Additionally, the Court recognizes attachments were excluded from Plaintiff's filing of the case in Superior Court from Plaintiff's previous case. While the Court does not aim to assume Plaintiff's reasoning for excluding facts, it borders the line of filing in bad faith to purposely remove evidence this Court deemed in opposition of Plaintiff's Claims. However, the Court also does not believe this warrants a dismissal for lack of prosecution under *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986).

Regardless, as was discussed in Plaintiff's first case and in this Order, Plaintiff fails to state claim upon which relief may be granted for his federal

claims. Additionally, with the federal claims dismissed, the court declines supplemental jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Amendment is not reasonable because Plaintiff already alleged many of these facts and claims that led to dismissal. Furthermore, Plaintiff did not exhaust his administrative remedies. As was found with this Court's previous dismissal and with this Order, the Court finds that an amendment would be unavailing. Therefore, dismissal with prejudice is proper for Plaintiff's federal claims. *Satanic Temple v. Labrador*, 149 F.4th 1047, 1054 (9th Cir. 2025) (citations omitted).

Additionally, under LCivR 7(e), failure to comply with rules under LCivR (b)-(c) may be considered as consent for the Court to enter an order adverse to the violating party. LCivR 7(e). Plaintiff's response to Defendant's Motion to dismiss was due on or before October 27, 2025 (accounting for the date landing on a weekend). Plaintiff did not respond to this Motion until five days before the hearing on the motion and 16 days after his response was due. ECF No. 12. Plaintiff did not file his Motion to Stay or Extend his Response Deadline until November 5, 2025, which was nine days after his response was due. ECF No. 9. While Plaintiff's response is labeled as a response to Plaintiff's Motion for Leave to Amend Complaint and Stay of Proceedings, Plaintiff alleges arguments not only

in support of these Motions but also in opposition of Defendant's Motion to Dismiss. ECF No. 12. However, even *pro se* plaintiffs must follow court procedures. *Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000) (citation omitted). Plaintiff only filed his own motions to amend and to stay proceedings. ECF No. 8-9. Accordingly, Plaintiff did not comply with the rules, further supporting dismissal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 3) is **GRANTED in part.** Plaintiff's federal claims are **DISMISSED with prejudice.** Plaintiff's state law claim is **DISMISSED without prejudice.**

2. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 8) is **DENIED.**

3. Plaintiff's Motion for Automatic Stay of Proceedings Pending Ruling Set for November 21, 2025 (ECF No. 9) is **DENIED.**

The District Court Executive is directed to enter this Order, enter judgment, furnish copies to counsel, and **CLOSE** the file.

DATED November 25, 2025.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANTS MOTION TO DISMISS ~ 18